UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRYAN BEDI | CIVIL ACTION |
| VERSUS | NO. 23-3178 |
| INTEGON NATIONAL INSURANCE COMPANY | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Integon National Insurance Company's ("Integon") unopposed motion to dismiss.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This action arises from damage to residential property owned by plaintiff caused by Hurricane Ida. Plaintiff alleges that the property was covered by an insurance policy issued by defendant Integon, and that defendant failed to make required payments under the policy.[2] He seeks to recover on for breach of the insurance contract and under Louisiana's "bad faith" statutes, La. Rev. Stat. §§ 22:1892 and 22:1973. Defendant now moves

---

[1] R. Doc. 12.
[2] R. Doc. 1 ¶¶ 6, 28-39.

to dismiss these claims for failure to state a claim upon which relief can be granted, arguing that plaintiff is not a named insured, additional insured, or third-party beneficiary on the insurance policy.[3] Defendant contends that plaintiff's residence is subject to a mortgage held by The Independent Bankers Bank ("IBB"), and that IBB purchased the insurance policy to protect its interest in the property due to plaintiff's failure to provide proof that he purchased property insurance himself.[4] Accordingly, defendant argues that the insurance contract binds only its signatories, and plaintiff has no standing to enforce it.[5]

    The Court considers the motion below.

## II.    LEGAL STANDARD

    To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and "that, if true, 'raise[s] a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible

---

[3]     R. Doc. 12.
[4]     R. Doc. 12-1 at 3-4.
[5]     *Id.* at 8-13.

2

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Plaintiff does not attach the insurance policy to his complaint. Nevertheless, it is well settled that an insurance contract may be considered on a motion to dismiss if it is attached to the motion, referred to in the complaint, and "central to the plaintiff['s] claims." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Because defendant attaches the relevant insurance policy to its motion, the policy is referred to in plaintiff's complaint, and it is "central to" plaintiff's claims, the Court may consider the policy in ruling on this motion. *Id.*

To sue to enforce an insurance policy, a plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary. *Williams v. Certain Underwriters at Lloyd's of London*, 398 F.

3

App'x 44, 47 (5th Cir. 2010) (citing Joseph v. Hosp. Serv. Dist. No. 2 of Par. Of St. Mary, 939 So. 2d 1206, 1211 (La. 2006); La. Civ. Code art. 1978). Here, the insurance policy does not list plaintiff as a named insured or as an additional named insured, and the policy clearly states that payments are to be made directly to the lender, IBB.[6] There is no evidence that plaintiff was an intended beneficiary of the insurance contract. Under Louisiana law, to determine whether a contract is intended to benefit a third party, courts consider whether (1) the stipulation for the third party is manifestly clear, (2) there is certainty as to the benefit provided to the third party, and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Id.* Here, it is not manifestly clear that the contract is intended to benefit a third party, there is not a certain benefit to the third party unless the payments on the policy exceed the balance of plaintiff's mortgage, and the benefit to the plaintiff is solely incidental to the agreement between the parties to the insurance contract. The plaintiff is thus not an intended third-party beneficiary of the policy. *See Haley v. Am. Sec. Ins. Co.*, 643 F. Supp. 3d 604, 610-12 (E.D. La. 2022) ("There is no language indicating an intent to confer benefits to [p]laintiff. . . . Plaintiff has not opposed this motion or presented any argument or evidence to show that the

---

[6]  R. Doc. 12

insurance contract manifests a clear intention to benefit [p]laintiff as a third party."); *Graphia v. Balboa Ins. Co.*, 517 F. Supp. 2d 854, 857 (E.D. La. 2007) ("The contract evidences no intent to give plaintiff personal rights in the insurance coverage for losses that do need exceed the mortgagee's insurable interest."). Accordingly, the Court finds that the plaintiff lacks standing to assert a claim for breach of the insurance policy.

To recover under Louisiana's "bad faith" statutes, La. Rev. Stat. §§ 22:1892 and 22:1973, a plaintiff "must have a valid underlying claim upon which insurance coverage is based." *Lee v. Sapp*, 234 So. 3d 122, 131 (La. App. 4 Cir. 2017); *see also Graphia*, 517 F. Supp. 2d at 858 (dismissing bad faith claims because plaintiff lacked standing to sue on insurance contract). Plaintiff lacks an underlying claim on the insurance policy, and therefore cannot recover under Louisiana's "bad faith" statutes. *See* La. Rev. Stat. §§ 22:1892 and 22:1973. Thus, the Court finds that plaintiff has failed to state a claim on which relief can be granted, and the motion to dismiss must be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss.

5

New Orleans, Louisiana, this __13th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE